**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

<table>
<tr><td>DAVID JONES,</td><td>)</td><td>Case No.  5:17-CV-100</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>        Plaintiff,</td><td>)</td><td>Hon.     Stamp</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>   v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>MICHAEL S. WHITE, II, individually</td><td>)</td><td></td></tr>
<tr><td>and in his official capacity as a</td><td>)</td><td></td></tr>
<tr><td>representative of the West Virginia State</td><td>)</td><td>COMPLAINT</td></tr>
<tr><td>Police; COLONEL J.L.CAHILL, in his</td><td>)</td><td></td></tr>
<tr><td>official capacity as Superintendent of the</td><td>)</td><td>-  Monetary Damages</td></tr>
<tr><td>West Virginia State Police; JAMES W.</td><td>)</td><td>-  Injunctive Relief</td></tr>
<tr><td>DAVIS, JR., ESQ., individually and in</td><td>)</td><td>-  Declaratory Judgment</td></tr>
<tr><td>his official capacity as a representative of</td><td>)</td><td></td></tr>
<tr><td>the Hancock County Prosecutor's Office;</td><td>)</td><td></td></tr>
<tr><td>JACK WOOD, ESQ., individually and in</td><td>)</td><td></td></tr>
<tr><td>his official capacity as a representative of</td><td>)</td><td></td></tr>
<tr><td>the Hancock County Prosecutor's Office;</td><td>)</td><td></td></tr>
<tr><td>HANCOCK COUNTY, WEST</td><td>)</td><td></td></tr>
<tr><td>VIRGINIA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>       Defendants.</td><td></td><td></td></tr>
</table>

ELECTRONICALLY
FILED
Jun 30 2017
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

1.    Now comes Plaintiff David Jones, by counsel, and submits this Complaint against

Defendants Trooper Michael S. White, II ("Trooper White"), Hancock County Prosecutor James

W. Davis, Jr. ("Prosecutor Davis"), and Hancock County Assistant Prosecutor Jack Wood ("Asst.

Prosecutor Wood"), each in their individual and official capacities (collectively, "Individual

Defendants"), Colonel J.L. Cahill, in his official capacity as Superintendent of the West Virginia

State Police, and Hancock County, West Virginia (collectively "Defendants").  As set forth herein,

Mr. Jones engaged in speech that is unquestionably protected by the First and Fourteenth

Amendments to the United States Constitution and Article III, Section 7 of the West Virginia

Constitution. Nonetheless, and in accordance with the policies, practices, and procedures of Hancock County and the West Virginia State Police, Individual Defendants ignored their oaths of office, committed ethical violations, and engaged in a conspiracy to unlawfully arrest and criminally prosecute Mr. Jones solely because they disagreed with Mr. Jones' constitutionally protected speech.

2.      Defendants engaged in pattern of unethical and illegal behavior that began with a warrantless, unconstitutional arrest of Mr. Jones in his home and involved three separate criminal complaints—each of which charged Mr. Jones with felonies solely based upon speech protected by the First Amendment to the United States Constitution. Defendants then conspired to violate Mr. Jones' right to counsel, maliciously charge Mr. Jones for not acquiescing to their demands, and retaliate against him for engaging in protected speech, all the while detaining Mr. Jones because he could not comply with the excessive $200,000 amount set for his bail.

## JURISDICTION & VENUE

3.      This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights, privileges, and immunities secured by the United States Constitution and the West Virginia Constitution. The rights sought to be redressed are guaranteed by the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4.      The Court has federal question jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      Venue is proper in the Northern District of West Virginia pursuant to 28 U.S.C. § 1391. All of the acts referenced in this Complaint took place within the jurisdiction of the Northern District of West Virginia.

## PARTIES

6.    Plaintiff David Jones is an individual who resides in New Cumberland, Hancock County, West Virginia.

7.    Defendant Michael S. White, II is a resident of the State of West Virgina. At all times relevant to the events in this Complaint, Mr. White was a Trooper with the West Virginia State Police. Upon information and belief, Trooper White was and is assigned to the Wheeling Barracks of the West Virginia State Police, located at 2600 Eoff Street, Wheeling, WV 26003-4016.

8.    Defendant Colonel J. L. Cahill is the Superintendent of the West Virginia State Police, an agency of the State of West Virginia. West Virginia State Police Headquarters are situated at 725 Jefferson Road, South Charleston, WV 25309. As Superintendent, among other things, Colonel Cahill is charged with ensuring the policies, practices, and procedures of the West Virginia State Police meet with all constitutional and statutory legal standards. Upon information and belief, Colonel Cahill is the final policymaker for the West Virginia State Police.

9.    Defendant James W. Davis is a resident of the State of West Virginia. Currently and at all times relevant to the events in this Complaint, he was the duly elected prosecuting attorney for Hancock County, West Virginia, with a business address of P.O. Box 924, 1114 Ridge Avenue, New Cumberland, WV 26047.

10.    Defendant Jack Wood is a resident of the State of West Virginia. At all times relevant to the events in this Complaint, he was an Assistant Prosecuting Attorney for Hancock County, West Virginia. Upon information and belief, Asst. Prosecutor Wood is still employed by Hancock County, with a business address of P.O. Box 924, 1114 Ridge Avenue, New Cumberland, WV 26047.

3

11.     Hancock County is county in the State of West Virginia.  It is the employer of Prosecutor Davis and Asst. Prosecutor Wood.

## FACTUAL ALLEGATIONS

12.     On June 26, 2015, Trooper White went to Mr. Jones's home, where he arrested Mr. Jones.

13.     Trooper White did not have a warrant for Mr. Jones's arrest and no exigent circumstances were present.

14.     Trooper White arrested Mr. Jones based solely upon speech protected by the First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution.

15.     After the arrest but on the same day, Trooper White prepared a criminal complaint, initiating *State v. David Jones*, Hancock County Magistrate Court Case No. 15 M15F-00105.  A copy of the criminal complaint in Case No. 15-M15F-00105 is attached hereto as Exhibit 1.

16.     The above-referenced arrest and criminal complaint in Case No. 14M15F-00105 resulted from a Facebook post allegedly made by Mr. Jones on June 24, 2015.

17.     The post at issue in the criminal complaint stated:

It is time to have Skinner's ass FIRED.  He is a worthless piece of crap who should not be a cop.

I think he already knows that ANYTHING drug related ever happens to either of my girls, that I don't find Thorn, Murray, White, Fletcher or any of these pieces of crap to be "Cool Mother F'ers".  And I will hunt them down and put a bullet in their head.

How in the hell are these ass hole getting deputized and many claiming to be DEA.  ROFL  We all know that is a joke.

The text of the post was immediately followed by a photograph of the accident scene discussed in paragraph 20 hereof.  A copy of the post is attached hereto as Exhibit 2.

4

18.     The text of the post is clearly an example of hyperbole used to emphasize an argument.  Furthermore, the statement is explicitly conditional in nature; any action on the part of Mr. Jones is conditioned upon something drug-related happening to one of Mr. Jones' young daughters.

19.     The Facebook post at issue is a clear example of political speech.  The context of the post makes this apparent.  Mr. Jones was complaining about crime, drugs, and political corruption in the community generally, and about a recent incident involving a Wellsburg Police Officer specifically.

20.     In this post, Mr. Jones was discussing a recent event where a Wellsburg Police Officer, after drinking at a party at the New Cumberland Police Chief's home, wrecked an unmarked government car, left the scene of the accident, returned to the New Cumberland Police Chief's home, and attempted to hide the vehicle behind the New Cumberland Police Chief's home with the Police Chief.  Neither the New Cumberland Police Chief nor the Wellsburg Police Officer suffered any consequences.

21.     The June 24, 2015 Facebook post is political speech that is protected by the First Amendment and Article III, Section 7.

22.     Despite the fact that the Facebook post is protected speech, and despite the fact that the West Virginia State Police has a barracks in New Cumberland, West Virginia, Trooper White drove approximately 37 miles to Mr. Jones's home in New Cumberland to arrest him without a warrant, exigent circumstances, or probable cause, solely because of, and in retaliation for, his speech.

23.     Trooper White did not inquire with a supervisor regarding whether he should make an arrest based on the June 24, 2015 post, although he testified that the West Virginia State Police

has policies or procedures concerning speech, internet and/or social media crimes, the investigation of the same, and making arrests regarding speech, which in most situations require a trooper to consult with a supervising officer before making an arrest.

24.    Individual Defendants charged Mr. Jones with a felony count of terrorism under W. Va. Code Section 61-6-24, in direct violation of *State of W. Va. v. Yocum*, 233 W. Va. 439 (2014).

25.    On July 1, 2015, the day of the preliminary hearing in Case No. 15-M15F-00105, the State voluntarily dismissed the criminal complaint based on the June 24, 2015 Facebook post.

26.    Although the criminal complaint in Case No. 15-M15F-00105 was dismissed on July 1, 2015, Mr. Jones was not released from custody.

27.    Rather, upon information and belief, the Individual Defendants kept Mr. Jones in custody, with no criminal charges pending, because Trooper White was in the process of preparing new complaints.

28.    Upon information and belief, Prosecutor Davis and/or Asst. Prosecutor Wood instructed Trooper White to search Mr. Jones's Facebook page for more speech upon which new criminal charges could be based.

29.    Upon information and belief, Prosecutor Davis and Asst. Prosecutor Wood were involved in the investigation, arrest, and detention of Mr. Jones—non-prosecutorial functions.

30.    Defendants then filed *two additional* criminal complaints against Mr. Jones for exercising his rights under the First Amendment and Article III, Section 7. True and accurate copies of these criminal complaints are attached hereto as Exhibits 3 and 4.

31.    Mr. Jones was charged with two violations of West Virginia Code § 61-5-27(c)(1)(e), retaliation against a public official, for two posts he allegedly made in July and August 2014—nearly one year earlier.

32.     The July 2014 post at issue in the new criminal complaints stated:

Hancock County Judge Martin J. Gaughan feels sympathetic to heroin users.

So please, all heroin user!!  Go to the judges home and take what you want, trash
the place and terrorize HIS family.  He is okay with it.

And don't forget the nasty New Cumberland mayor on Ridge Ave who hides behind
her home security system.

The text of the post was immediately followed by a link to a newspaper article concerning juvenile

courts and drug addiction.  A copy of the post is attached hereto as Exhibit 5, and a copy of the

newspaper article is attached hereto as Exhibit 6.

33.     The criminal complaint also notes that "this post was made shortly after [Mr. Jones]

observed a news article ran about [the judge's] involvement with juveniles addicted to heroin."

Exhibit 4 at 2.

34.     The August 2014 post at issue in the new criminal complaints stated:

Dear Criminals and Crackheads,
Please go to this address
Randy Swartzmiller
216 Heartwood Dr
Chester, WV 26034
and do everything you have done to terrorize other citizens of Hancock County.
Help yourself to his stuff.  Obviously he does not care.  Camp out in woods and
stay as long as you like.

35.     The text of the post was immediately followed by a link to a newspaper article

concerning legislation sponsored by Mr. Swartzmiller.  A copy of the post is attached hereto as

Exhibit 7, and a copy of the newspaper article is attached hereto as Exhibit 8.

36.     The criminal complaint noted that the August 2014 post was made "after an article

was run from a news syndicate that [the delegate] was attempting to pass legislation about

dangerous animals." Exhibit 3 at 2.

7

37.     Based upon these two Facebook posts, Trooper White filed two new criminal complaints, initiating *State v. David Jones*, Hancock County Magistrate Court Case Nos. 15 M15F-00112 and 15 M15F-00113.  *See* Exhibits 3 and 4.

38.     Individual Defendants ignored the clear mandates of First Amendment jurisprudence that speech must be intended to incite imminent lawless action and likely to result in imminent lawless action and continued their investigation of Mr. Jones. *See* Motion to Dismiss and Supplemental Brief, true and accurate copies of which are attached hereto as Exhibits 9 and 10.

39.     Outside of the scope of his prosecutorial duties, Prosecutor Davis made inflammatory statements to the media regarding the merits of Mr. Jones's case.  A copy of a news article evidencing Prosecutor Davis's statements to the media is attached hereto as Exhibit 11.

40.     For reasons passing understanding, Prosecutor Davis and Asst. Prosectutor Wood issued a subpoena purporting to require Mr. Jones's counsel to testify at his preliminary hearing and faxed the subpoena from West Virginia to Mr. Jones's attorney in Ohio.  A true and accurate copy of the Subpoena is attached hereto as Exhibit 12.  In accordance with Prosecutor Davis's and Asst. Prosecutor Wood's pattern and practice of ignoring the United States Constitution, United States Supreme Court precedent, the West Virginia Constitution, and West Virginia Supreme Court precedent to violate Mr. Jones' rights, Prosecutor Davis and Asst. Prosectutor Wood made absolutely no attempt to comply with the Uniform Act to Secure the Attendance of Witnesses from Without the State adopted by both West Virginia and Ohio, statutes that clearly explain a prosecutor in West Virginia has absolutely no authority to unilaterally issue a subpoena to an Ohio resident.  *See* W.Va. Code 62-6A-1 *et seq.*; O.R.C. 2939.25 *et seq.*

41.     Had Mr. Jones's attorney testified as a witness at his preliminary hearing, he almost certainly would not have been able to represent Mr. Jones as his counsel.

42.     Prosecutor Davis and Asst. Prosecutor Wood knew that the subpoena was not properly issued or served under the Uniform Act to Secure the Attendance of Witnesses from Without the State.

43.     Prosecutor Davis and Asst. Prosecutor Wood also knew that issuance of the subpoena to Mr. Jones's counsel was a violation of W. Va. Prof. Cond. R. 3.8, which prohibits a prosecutor from issuing a subpoena to defense counsel as a witness when the prosecutor knows that he/she may obtain the same information from other sources.

44.     Prosecutor Davis and Asst. Prosectutor Wood issued the subpoena to have Mr. Jones's counsel testify about a conversation between Mr. Jones, Mr. Jones's counsel, and two other persons.  Prosecutor Davis and Asst. Prosectutor Wood were well aware of other sources for the same information—namely, the two other participants in the conversation at issue.  However, they continued to pursue the subpoena, even after they were notified of the ethical violation and Mr. Jones and his counsel filed a motion to quash the subpoena.  *See* Motion to Quash and emails, true and accurate copies of which are attached hereto as Exhibit 13.  Prosecutor Davis and Asst. Prosectutor Wood failed to file any response to the arguments in the Motion to Quash.

45.     As a result, Mr. Jones's counsel was forced to take time away from preparing for the preliminary hearing to prepare for arguing against the spurious subpoena isued by Prosecutor Davis and Asst. Prosecutor Wood.

46.     Prosecutor Davis and Asst. Prosecutor Wood even attempted to secure a waiver of Mr. Jones's right against self-incrimination in exchange for their withdrawal of the unethically issued subpoena.  *See* Emails attached here to as Exhibit 14.

47.     A preliminary hearing was conducted in Case Nos. 15 M15F-00112 and 15 M15F-00113 on July 29, 2015.

48.     At the preliminary hearing, the Individual Defendants made it clear that the State was well aware that Mr. Jones was a political activist and that the speech contained in the Facebook posts at issue was political speech.  Delegate Patrick McGeehan, one of the State's own witnesses, testified that Mr. Jones had a following on Facebook and was a political activist in the community. *See* Trans. attached hereto as Exhibit 15 at p.11.

49.     Even Trooper White testified that Mr. Jones had written several posts about crime and drugs in the community. *Id.* at 34.

50.     Trooper White further testified that each of the Facebook posts at issue was surrounded by other messages about corruption in the local government and issues with rampant crime and drugs in the community.  *Id.* at 34–35, 53–54.

51.     Trooper White's testimony at the preliminary hearing contradicted the criminal complaints he wrote.  In the complaints, Trooper White stated that he discovered the July and August 2014 Facebook posts during an investigation conducted on June 29 and 30, 2015—long after Trooper White initially arrested Mr. Jones. *See* Exhibits 3 and 4.  At the preliminary hearing, however, Trooper White testified that he discovered the July and August 2014 Facebook posts at the same time he discovered the June 24, 2015 Facebook post—on June 26, 2015. *See* Ex. 15 at 45–47.

52.     During the preliminary hearing, Trooper White testified that:

- The charges in Case Nos. 15 M15F-00112 and 15 M15F-00113 were based solely upon the July and August 2014 Facebook posts (*Id.* at 25);

- Mr. Jones had no criminal history (*Id.* at 35);

- Mr. Jones is a retired veteran from the U.S. Air Force (*Id.*);

- Mr. Jones did not threaten to do anything in the two posts (*Id.* at 50-51);

- He had no evidence that anyone went to Judge Gaughan's or Delegate Swartzmiller's home in the year between the posts and the preliminary hearing (*Id.* at 54); and

- He had no evidence of any damage or harm coming to Judge Gaughanor Delegate Swartzmiller because of the posts. (*Id.* at 54, 58).

53.     In fact, Trooper White actually testified under oath that "[t]here was no imminent threat" of violence due to Mr. Jones's posts. *Id.* at 60.

54.     Asst. Prosecutor Wood acknowledged on the record that the State had no evidence of any harm occuring as a result of the Facebook posts.  *Id.* at 63.

55.     At the preliminary hearing, the State presented no evidence that Mr. Jones engaged in any conduct other than writing words.

56.     The State made no effort to respond to the numerous cases Mr. Jones cited in support of his First and Fourth Amendment arguments.

57.     In accordance with the practices, policies, and procedures of and the West Virginia State Police, Individual Defendants initially set Mr. Jones's bail at an unconstitutional $200,000 in Case No. 15 M15-F-00105 and $50,000 in Case Nos. 15 M15F-00112 and 15 M15F-00113.

58.     Mr. Jones was incarcerated for 20 days, from June 26, 2015 until July 15, 2015, when the Defendants agreed to release Mr. Jones upon his own recognizance.  Thereafter, Mr. Jones's liberty continued to be restrained by the recognizance bond until September 12, 2016, when the criminal case against Mr. Jones was dismissed upon Mr. Jones's motion.

59.     Individual Defendants arrested, charged, and re-charged Mr. Jones for engaging in constitutionally protected speech, in accordance with the practices, policies, and procedures of Hancock County and the West Virginia State Police.

60.     At all relevant times, Individual Defendants were acting under color of state law and in accordance with the policies, practices, and procedures of Hancock County.

### CLAIMS FOR RELIEF

#### Count I: Violations of the First Amendment & Art. III § 7

61.     Mr. Jones incorporates the preceding paragraphs as if fully restated.

62.     Defendants arrested and criminally charged Plaintiff solely due to Plaintiff's protected speech.

63.     Defendants' actions were sufficient to cause a reasonable person to refrain from engaging in protected speech in the future.

64.     At all relevant times, Defendants acted under the color of state law.

65.     Defendants' actions and conduct described above deprived Mr. Jones of rights, privileges and immunities guaranteed under Article III, Section 7 of the West Virginia Constitution and the First and Fourth Amendments of the United States Constitution.

66.     Individual Defendants' actions were pursuant to the policies, practices, and customs of Hancock County and the West Virginia State Police.

67.     Pursuant to 42 U.S.C. § 1983, Mr. Jones is entitled to compensatory damages, reasonable attorney's fees, and the costs and expenses of this action.

68.     Additionally, since Individual Defendants retaliated against Mr. Jones for his exercise of clearly established First Amendment rights intentionally, in bad faith, in a willful, malicious and wanton manner, and/or with reckless or callous disregard for Mr. Jones's rights, Mr. Jones is entitled to punitive damages to be awarded against the Individual Defendants.

#### Count II: Violations of the Fourth Amendment and Art. III, § 6

69.     Mr. Jones incorporates the preceding paragraphs as if fully restated.

70.     Trooper White arrested Mr. Jones without a warrant or exigent circumstances.

71.     Individual Defendants conspired to continue to detain Mr. Jones after dropping the initial criminal charges brought against him.

72.     Individual Defendants' actions and conduct described above deprived Mr. Jones of rights, privileges, and immunities guaranteed under the Fourth Amendment of the United States Constitution and Article III, § 6 of the West Virginia Constitution.

73.     Individual Defendants' actions were pursuant to the policies, practices, and customs of Hancock County and the West Virginia State Police.

74.     Pursuant to 42 U.S.C. § 1983, Mr. Jones is entitled to compensatory damages, reasonable attorney's fees, and the costs and expenses of this action.

### Count III: Violations of the Sixth Amendment

75.     Mr. Jones incorporates the preceding paragraphs as if fully restated.

76.     In violation of legal ethics rules and the Sixth Amendment of the United States Constitution, Individual Defendants conspired to deprive Mr. Jones of his constitutionally guaranteed right to counsel.

77.     Individual Defendants' actions were pursuant to the policies, practices, and customs of Hancock County and the West Virginia State Police.

78.     Pursuant to 42 U.S.C. § 1983, Mr. Jones is entitled to compensatory damages, reasonable attorney's fees, and the costs and expenses of this action.

### Count IV: Vindictive Prosecution in Violation of the Fourteenth Amendment

79.     Mr. Jones incorporates the preceding paragraphs as if fully restated.

80.     Individual Defendants criminally charged Mr. Jones for not acceding to their demands, in violation of the Fourteenth Amendment to the United States Constitution.

13

81. Individual Defendants acted with genuine animus towards Mr. Jones.

82. Individual Defendants would not have criminally charged Mr. Jones but for that animus.

83. Individual Defendants' actions were pursuant to the policies, practices, and procedures of Hancock County and the West Virginia State Police.

84. Pursuant to 42 U.S.C. § 1983, Mr. Jones is entitled to compensatory damages, reasonable attorney's fees, and the costs and expenses of this action.

### Count V: Excessive Bail, in Violation of the Eighth Amendment & Art. III, § 5

85. Mr. Jones incorporates the preceding paragraphs as if fully restated.

86. Individual Defendants conspired to set Mr. Jones' bail at an unreasonably high amount, in violation of the Eighth Amendment of the U.S. Constitution and Article III, Section 5 of the West Virginia Constitution.

87. Because of the unreasonably high bail, Mr. Jones was illegally detained for 20 days.

88. Individual Defendants' actions were made pursuant to the policies, practices, and customs of Hancock County and the West Virginia State Police.

89. Pursuant to 42 U.S.C. § 1983, Mr. Jones is entitled to compensatory damages, reasonable attorney's fees, and the costs and expenses of this action.

### PRAYER FOR RELIEF

Mr. Jones has no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Mr. Jones has suffered and will continue to suffer irreparable injury as a result of the unlawful acts of Defendants as alleged herein, unless Mr. Jones is granted the relief he requests. Mr. Jones and Defendants have an actual controversy and opposing legal position as to Defendants' violations of the constitutions and laws of the United States and West Virginia. The

need for relief is critical because the rights at issue are paramount under the constitutions and laws of the United States and West Virginia.

WHEREFORE, Mr. Jones respectfully requests that this honorable Court:

1.      Issue a judgment declaring that the actions of Defendants described herein are unlawful and violate Plaintiff's rights under the constitutions and laws of the United States and West Virginia.

2.      Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them, from subjecting Mr. Jones to the conditions set forth in this Complaint;

3.      Award compensatory damages;

4.      Grant Mr. Jones reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law; and

5.      Grant such other relief as the Court considers just and proper.

### JURY DEMAND

Mr. Jones hereby demands a trial by jury on all issues so triable in this matter.

RESPECTFULLY SUBMITTED, this 30th day of June, 2017.

/s/ Jamie Lynn Crofts
Jamie Lynn Crofts (WV Bar #12730)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Telephone: (304) 345-9246, ext. 102
jcrofts@acluwv.org

Jerry R. Krzys (Ohio Bar #0078013)
HENDERSON, COVINGTON, MESSENGER,
NEWMAN & THOMAS CO., LPA
6 Federal Plaza Central, Suite 1300
Youngstown, Ohio 44503
Telephone: (330) 744-1148

15

Facsimile: (330) 744-3807
jkrzys@hendersoncovington.com
*(pro hac vice application to be filed)*

*Counsel for Plaintiff David Jones*