IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID JONES,

    Plaintiff,

v.                                                                                                        Civil Action No.: 5:17-CV-100

MICHAEL S. WHITE, II,
COLONEL J.L. CAHILL,
JAMES W. DAVIS, JR., ESQ.,
JACK WOOD, ESQ., HANCOCK COUNTY, W.VA.

    Defendants.

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S DISCLOSURES OF JUDGES AND JUDICIAL OFFICERS AS POTENTIAL WITNESSES**

COME NOW the Defendants, James W. Davis, Jr., Esq., Jack Wood, Esq., and Hancock County, West Virginia, and move this Court for a Protective Order barring Plaintiff from using judges and judicial officers identified in their Initial Disclosures. In support of their Motion, Defendant state the following:

**I.    INTRODUCTION AND SUMMARY OF RELEVANT FACTS**

As part of their Initial Disclosures ("Disclosures"), Plaintiff has identified two "parties" who are immune from testifying in this matter. The Disclosures are attached as Exhibit A. In these Disclosures, Plaintiff identifies the Hon. Judge David Sims ("Judge Sims") as an individual who is likely to have discoverable information because of his knowledge of the evidence in this matter.

This Court must prohibit Plaintiff from deposing, questioning, or otherwise eliciting testimony from Judge Sims. The Deliberative Process Privilege unequivocally protects Judge Sims from testifying in this matter. Plaintiff is unquestionably barred from eliciting testimony from a sitting judge related to his or her legal opinions or deliberative processes. This Court must prohibit Plaintiff from calling Judge Sims to testify in any fashion as to his legal opinions about this case.

**II.    LEGAL STANDARD**

a. **Protective Order:**

Rule 26(c) of the Federal Rules of Civil Procedure provides the Court with broad discretion, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This discretion includes orders forbidding the requested discovery altogether.

*Constellium Rolled Prod. Ravenswood, LLC v. Rogers*, No. 2:15-CV-13438, 2016 WL 10789402, at *1–2 (S.D.W. Va. Oct. 31, 2016) (internal citations omitted).

The person or party moving for the protective order bears the burden of demonstrating good cause, and in doing so, "may not rely upon 'stereotyped and conclusory statements,' but must present a 'particular and specific demonstration of fact,' as to why a protective order should issue. Protective orders that entirely prohibit the taking of a deposition are disfavored and "should be rarely granted absent extraordinary circumstances.

*Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2013 WL 4506154, at *2 (S.D.W. Va. Aug. 22, 2013)

## III. ARGUMENT

a. **The Deliberative Process privilege protects judges from testifying about matters within the scope of his adjudicative duties.**

Under the judicial form of the deliberative process privilege, judicial officers "may not be compelled to testify concerning their mental processes in formulating official judgments or the reasons that motivated them in their official acts." "'[A]ttempts to prove the thought and decision making processes of judges and administrators are generally improper.'" *Patterson v. Yeager*, No. CV 2:12-01964, 2015 WL 6755311, at *2 (S.D.W. Va. Nov. 4, 2015), *citing State ex rel. Kaufman v. Zakaib*, 207 W. Va. 662, 670, 535 S.E.2d 727, 734-735 (2000) (internal citations omitted).

There is no shortage of case law clearly stating that a judge is immune from being compelled to testify to his thoughts and opinions. In *State ex rel. Kaufman v. Zakaib*, 207 W. Va. 662, 535 S.E.2d 727 (2000), the West Virginia Supreme Court explained:

> The prohibition against compelling the testimony of a judge is reflected in a long-standing principle of our jurisprudence, namely, that a court speaks only through its orders. *See State v. White*, 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992) ("[H]aving held that a court speaks through its orders, we are left to decide

2

this case within the parameters of the circuit court's order." (citations omitted)); *State ex rel. Erlewine v. Thompson,* 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973) ("A court of record speaks only through its orders[.]" (citations omitted)).

*Id.* at 671, S.E.2d at 736.

Similarly, at the federal level, the deliberative process privilege as it relates to judicial testimony has been repeatedly confirmed by federal courts, beginning with its inception in *United States v. Morgan*, 313 U.S. 409 (1941), which held that the internal deliberations of governmental agencies and actors generally may not be compelled to testify about their mental impressions, as follows:

> Such an examination of a judge would be destructive of judicial responsibility. We have explicitly held in this very litigation that 'it was not the function of the court to probe the mental processes of the Secretary'. Just as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected.

*Id.* at 422. (internal citations omitted).

The holding in *Morgan* has been restated countless times across all manner of federal proceedings where a judge, or an official operating as a *de facto* judge, has been called to testify or has been subpoenaed for deposition, and the federal courts have routinely found depositions or testimony of those judicial or quasi-officials to be improper. *See, e.g, United States v. Edwards*, 39 F. Supp. 2d 692, 705 ("[j]udges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed."); *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991) ("No judge could tolerate an inquisition into the elements comprising his decision—indeed, "[s]uch an examination of a judge would be destructive of judicial responsibility."

Here, Judge Sims denied "Plaintiff's Petition for Writ of Mandamus and Alternatively, Petition to Dismiss" related to the underlying charges in this matter on July 13, 2015. The Order denying the Writ is attached as Exhibit B. Based upon information and belief, his denial of that

3

Order is his only interaction with the instant matter. The only allegedly "discoverable information" in Judge Sims' possession is information relating to his thought processes in denying Plaintiff's Petition, which are clearly protected by the deliberative process privilege. Accordingly, Judge Sims cannot be called to testify in this matter.

## IV. CERTIFICATION

The aforesaid Defendants have attempted to contact Plaintiff numerous times on this issue, without success, and hereby certifies that it has fulfilled its obligations pursuant to L.R. Civ. P. 26.04(b). The e-mails to Plaintiff's counsel are attached as Exhibit C.

**WHEREFORE**, the aforesaid Defendants ask this Court to prohibit Plaintiff from deposing, subpoenaing, or otherwise attempting to compel Judge Sims to testify in this matter pursuant to the deliberative process privilege, and for any and all other relief this Court deems appropriate.

JAMES W. DAVIS, JR., ESQ.,
JACK WOOD, ESQ., HANCOCK
COUNTY, W.VA
By Counsel

Thomas E. Buck, Esq.
W. Va. Bar ID #6167
Benjamin P. Visnic, Esq.
W. Va. Bar ID # 12289
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Telephone: (304) 233-3100
Fax: (304) 233-0201

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID JONES,

    Plaintiff,

v.                                                       Civil Action No.: 5:17-CV-100

MICHAEL S. WHITE, II,
COLONEL J.L. CAHILL,
JAMES W. DAVIS, JR., ESQ.,
JACK WOOD, ESQ., HANCOCK COUNTY, W.VA.

    Defendants.

## CERTIFICATE OF SERVICE

Service of the foregoing **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S DISCLOSURES OF JUDGES AND JUDICIAL OFFICERS AS POTENTIAL WITNESSES** was as had upon the following by Electronically filing, this 23rd day FEBRUARY, 2018:

Jamie Lynn Crofts, Esq.
ACLU-WV
P.O. Box 3952
Charleston, WV 25339

                                        Thomas E. Buck, Esq.
                                        W. Va. Bar ID #6167
                                        Benjamin P. Visnic, Esq.
                                        W. Va. Bar ID # 12289